**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware _____
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Ligado Networks Inc. of Virginia |

2. **All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

None.

_____
_____
_____
_____

3. **Debtor's federal Employer Identification Number (EIN)**

5 4 – 1 9 3 9 7 2 5

4. **Debtor's address**

**Principal place of business**

10802 Parkridge Boulevard
Number    Street

_____

Reston                VA      20191
City                  State   ZIP Code

Fairfax
County

**Mailing address, if different from principal place of business**

_____
Number    Street

_____
P.O. Box

_____
City                State    ZIP Code

**Location of principal assets, if different from principal place of business**

_____
Number    Street

_____

_____
City                State    ZIP Code

5. **Debtor's website (URL)**    https://ligado.com

Debtor    Ligado Networks Inc. of Virginia

Name

Case number *(if known)*_____

---

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5  1  7  4

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                                              MM / DD / YYYY

        District _____   When _____   Case number _____
                                                MM / DD / YYYY

---

Debtor    **Ligado Networks Inc. of Virginia**
      <u>Name</u>

Case number *(if known)* _____

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  <u>See Rider 1</u>      Relationship  <u>Affiliate</u>

        District  <u>District of Delaware</u>      When  <u>Date Hereof</u>
                                                                     MM / DD / YYYY

        Case number, if known  _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                              Number       Street

                     _____

                     City                       State ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

             Contact name _____

             Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**
(on a consolidated basis)

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

| Debtor | Ligado Networks Inc. of Virginia | Case number (if known) _____ |
|---|---|---|
| | Name | |

| | | | | | |
|---|---|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| (on a consolidated basis, based on estimated unaudited financial statements as of 11/2024) | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| (on a consolidated basis, based on estimated unaudited financial statements as of 11/2024) | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/05/2025
              MM / DD / YYYY

✖ /s/ Douglas Smith                              Douglas Smith
Signature of authorized representative of debtor      Printed name

Title President & Chief Executive Officer

**18. Signature of attorney**

✖ /s/ Mark D. Collins                    Date  01/05/2025
Signature of attorney for debtor              MM / DD / YYYY

Mark D. Collins
Printed name

Richards, Layton & Finger, PA
Firm name

920 N. King Street
Number        Street

Wilmington                              DE        19801
City                                   State     ZIP Code

(302) 651-7700                          collins@rlf.com
Contact phone                           Email address

2981                                    Delaware
Bar number                              State

## Rider 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

| | Debtor |
|---|---|
| 1. | Ligado Networks LLC |
| 2. | ATC Technologies, LLC |
| 3. | Ligado Networks (Canada) Inc. |
| 4. | Ligado Networks Build LLC |
| 5. | Ligado Networks Corp. |
| 6. | Ligado Networks Finance LLC |
| 7. | Ligado Networks Holdings (Canada) Inc. |
| 8. | Ligado Networks Inc. of Virginia |
| 9. | Ligado Networks Subsidiary LLC |
| 10. | One Dot Six LLC |
| 11. | One Dot Six TVCC LLC |

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td></tr>
<tr><td colspan="2">Debtor name:  Ligado Networks LLC, et al.</td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the _____ District of Delaware<br>(State)</td></tr>
<tr><td colspan="2">Case number (if known):  25-_____</td></tr>
</table>

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Reported on a Consolidated Basis)[1]                              12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 1 | Inmarsat Global Limited Attn: General Counsel Inmarsat Global Limited, C/O Viasat 6155 El Camino Real Carlsbad, CA 92009 | Attention: General Counsel Phone: (202) 248 5150 Email: generalcounsel@viasat.com | Cooperation Agreement | Contingent. Unliquidated, & Disputed | | | Undetermined |
| 2 | Boeing Satellite Systems Inc Attn: Cori H Johnson PO Box 92919 Los Angeles, CA 90009-2919 | Attention: Cori H Johnson Phone: (314) 563-6324 Email: cori.h.johnson@boeing.com | Trade Debt | Contingent. Unliquidated, & Disputed | | | Undetermined |
| 3 | American Towers LLC Attn: David Flint C/O American Tower Corporation 1 Presidential Way Attn: Contracts Manager Woburn, MA 01801 | Attention: David Flint Phone: Email: David.Flint@AmericanTower.com | Lease | Disputed | | | $ 20,116 |
| 4 | US Internal Revenue Service Attn: Mitchell Georgic 1320 Central Park Blvd, Ste 400 Fredericksburg, VA 22401 | Attention: Mitchell Georgic Phone: Email: Mitchell.georgic@irs.gov | Tax | Contingent. Unliquidated, & Disputed | | | $15,000 |
| 5 | Bell Mobility Inc Attn: Cesar Amaya PO Box 11095 Station Centre Ville Montreal, QC H3C 5E7 Canada | Attention: Cesar Amaya Phone: (613) 882-1773 Email: cesar.amaya@bell.ca | Trade Debt | | | | $ 295 |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |

[1] The information herein shall not constitute an admission of liability by, nor is it binding on, any Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date.
[2] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

Ligado Networks LLC, et al.

Case number (*if known*):     25-

Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff[2] | Unsecured claim |
| 14 | | | | | | |
| 15 | | | | | | |
| 16 | | | | | | |
| 17 | | | | | | |
| 18 | | | | | | |
| 19 | | | | | | |
| 20 | | | | | | |
| 21 | | | | | | |
| 22 | | | | | | |
| 23 | | | | | | |
| 24 | | | | | | |
| 25 | | | | | | |
| 26 | | | | | | |
| 27 | | | | | | |
| 28 | | | | | | |
| 29 | | | | | | |
| 30 | | | | | | |

**UNANIMOUS WRITTEN CONSENT**
**OF**
**THE BOARD OF DIRECTORS**
**OF**
**LIGADO NETWORKS INC. OF VIRGINIA**

January 5, 2025

**THE UNDERSIGNED**, constituting all of the members of the Board of Directors (the "Board") of Ligado Networks Inc. of Virginia, a Virginia Corporation (the "Corporation"), pursuant to Section 13.1-685 of the Virginia Stock Corporation Act, hereby consent to, adopt and approve the following resolutions set forth herein and each and every action effected thereby.

**WHEREAS**, the Board of the Corporation has reviewed the materials presented by its financial, legal, and other advisors and has held numerous discussions (including, without limitation, with management and such advisors) regarding such materials and the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it and the impact of the foregoing on the Corporation's businesses and operations; and

**WHEREAS**, such discussions included a full consideration of the strategic alternatives available to the Corporation.

**WHEREAS**, certain shareholders of the Corporation are lenders under the DIP Credit Facility (as defined herein) and/or parties to the Restructuring Support Agreement (as defined herein), and whereas, any directors appointed by any such shareholders have recused themselves from the approval of the resolutions related to the DIP Credit Facility and the Restructuring Support Agreement, as applicable, on the basis that they are not disinterested directors.

**NOW, THEREFORE**, it is hereby:

**I.      Voluntary Petition Under the Provisions of Chapter 11 of the United States Bankruptcy Code and Recognition Proceeding under the CCAA**

**RESOLVED**, that in the best judgment of the Board of the Corporation, it is desirable and in the best interests of the Corporation, its stockholders, creditors, and other stakeholders and parties in interest, that the Corporation file or cause to be filed both (i) a voluntary petition for relief under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), and (ii) a corresponding foreign recognition proceeding (the "Recognition Proceeding") in the Ontario Superior Court of Justice (Commercial List) under Part IV of the Companies' Creditors Arrangement Act (Canada) (the "CCAA"), including the appointment of Ligado Networks LLC as the foreign representative of each of the chapter 11 debtors in connection with the Recognition Proceeding (the "Foreign Representative"); and be it further

**RESOLVED**, that each of Douglas Smith, Eric Harrington, Vicky McPherson, and Brendan Boughton (collectively, the "Authorized Persons"), and such other persons and/or officers of the Corporation as the Authorized Persons shall from time to time designate, acting alone or with one or more other Authorized Persons, be, and hereby are, authorized, empowered, and

directed, in the name and on behalf of the Corporation, to execute and verify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") at such time and as said Authorized Persons executing the same shall determine, and to file all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Corporation's business; and be it further

**RESOLVED**, that the Authorized Persons be, and they hereby are, authorized and directed to employ the law firms of Milbank LLP ("Milbank") as general bankruptcy counsel and Richards, Layton & Finger, P.A. ("RLF") as local bankruptcy counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings; and, in connection therewith, the Authorized Persons are hereby authorized and directed to (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Milbank and RLF; and be it further

**RESOLVED**, that the Authorized Persons be, and they hereby are, authorized and directed to employ the law firm of Dentons Canada LLP ("Dentons") (i) as general Canadian counsel to represent and assist the Corporation in carrying out its duties under the CCAA and to take any and all actions to advance the Corporation's rights and obligations, including filing any pleadings in the Recognition Proceeding, and (ii) as counsel to represent and assist the Foreign Representative in carrying out its duties under the CCAA and to take any and all actions to advance the Foreign Representative's rights and obligations, including filing any pleadings in the Recognition Proceedings; and, in connection therewith, the Authorized Persons are hereby authorized and directed to (x) execute appropriate retention agreements, (y) pay appropriate retainers prior to and immediately upon filing of the Recognition Proceeding, and (z) cause to be executed and filed an appropriate application for authority to retain the services of Dentons; and be it further

**RESOLVED**, that the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Perella Weinberg Partners LP ("PWP") as investment banker and financial advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Corporation's rights and obligations; and, in connection therewith, the Authorized Persons are hereby authorized and directed to (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of PWP; and be it further

**RESOLVED**, that the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of FTI Consulting, Inc. ("FTI") as financial advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Corporation's rights and obligations; and, in connection therewith, the Authorized Persons are hereby authorized and directed to (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of FTI; and be it further

2

**RESOLVED**, that the Authorized Persons be, and they hereby are, authorized and directed to employ the firm of Omni Agent Solutions, Inc. ("Omni") as claims and noticing agent to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Corporation's rights and obligations; and, in connection therewith, the Authorized Persons are hereby authorized and directed to (i) execute appropriate retention agreements, (ii) pay appropriate retainers prior to and immediately upon filing of the chapter 11 case, and (iii) cause to be executed and filed an appropriate application for authority to retain the services of Omni; and be it further

**RESOLVED**, that the Authorized Persons be, and they hereby are, authorized and directed to employ any other professionals, including, without limitation, FTI Consulting Canada Inc. as information officer (along with independent counsel to the information officer), as they deem necessary or appropriate in their sole discretion to assist the Corporation in carrying out its duties under the Bankruptcy Code and the CCAA, as applicable, including, without limitation, the (i) execution of appropriate retention agreements, (ii) payment of appropriate retainers prior to or immediately upon the filing of the chapter 11 case and/or the Recognition Proceeding, and (iii) filing of appropriate applications for authority to retain the services of any other professionals as they shall in their sole discretion deem necessary or desirable; and be it further

**RESOLVED**, that each of the Authorized Persons, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, and to take such other action as in the judgment of such person shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the business of the Corporation or otherwise in the context of the Bankruptcy Code, the CCAA and/or the Recognition Proceeding; and be it further

**RESOLVED**, that each of the Authorized Persons, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, and any employees or agents (including counsel) designated by or directed by any such Authorized Persons and/or officers, be, and each hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to use available capital of the Corporation to fund all existing and future obligations of the Corporation as necessary to effectuate a successful reorganization of the business of the Corporation.

## II.    Debtor-in-Possession Financing

**RESOLVED** that each of the Authorized Persons, and such other officers of the Corporation as the Authorized Persons shall from time to time designate, be, and each hereby is, authorized and empowered to enter into that certain Senior Secured Super-Priority Debtor-in-Possession Loan Agreement, dated January 5, 2025 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "DIP Credit Facility") by and among the Lenders (as defined in the DIP Credit Facility) from time to time party thereto, the Corporation, and any other guarantors from time to time party thereto and other parties thereto from time to

time, and any related documents or instruments, each on terms and conditions agreed to by the Corporation, the lender, and the agent and such other terms as are customary for similar debtor-in-possession facilities and to cause the Corporation to grant a senior security interest in substantially all of its assets in connection therewith, and to undertake any and all related transactions contemplated thereby; and be it further

RESOLVED, that in order to use and obtain the benefits of DIP Credit Facility, and in accordance with section 361, 363, and 364 of the Bankruptcy Code, the Corporation be, and hereby is, authorized and empowered to grant certain liens and claims, and provide certain adequate protection to the Lenders as documented in the DIP Credit Facility; and be it further

RESOLVED that each Authorized Person be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Corporation, to cause to be prepared, to negotiate, execute, and deliver, and the Corporation hereby is authorized to perform its obligations and take the actions, including, without limitation, to pay all fees and expenses, contemplated under, the DIP Credit Facility and such other documents, agreements, guaranties, instruments, financing statements, notices, undertakings, certificates, and other writings as may be required by, contemplated by, or in furtherance of the DIP Credit Facility, each containing such provisions, terms, conditions, covenants, warranties, and representations as may be deemed necessary or appropriate by the Authorized Persons, and any amendments, restatements, amendments and restatements, supplements, or other modifications thereto, in each case with such changes therein and additions thereto (substantial or otherwise) as shall be deemed necessary, appropriate, or advisable by any Authorized Person executing the same in the name and on behalf of the Corporation, such approval to be evidenced conclusively by such execution; and be it further

RESOLVED, that the Corporation be, and hereby is, authorized and empowered to grant security interests in, and to pledge its right, title, and interest in, the properties and assets to the Collateral Agent (as defined in the DIP Credit Facility), for the ratable benefit of the respective and applicable Secured Parties (as defined in the DIP Credit Facility), as more fully described in the DIP Credit Facility (the "Collateral"); and be it further

RESOLVED, that the Corporation be, and hereby is, authorized to enter into one or more general security agreements, patent security agreements, trademark security agreements, copyright security agreements, account control agreements, pledges, mortgages, and/or similar or related agreements and instruments (collectively, the "Security Agreements") to pledge the Collateral as security for the DIP Credit Facility, that the Security Agreements, the entry thereinto and the transactions thereunder and the performance thereof be, and hereby is, authorized, that the form, terms and provisions of the Security Agreements are, authorized, approved and ratified, and that any Authorized Persons be, and each of them hereby is, authorized and directed, for and in the name and on behalf of the Corporation, to negotiate, finalize, execute and deliver in a manner consistent with these resolutions, to the appropriate parties, the Security Agreements, with any such amendments, supplements or modifications thereto, if any, as such Authorized Persons, in their discretion, determines to be necessary or desirable, the execution of such agreement by any Authorized Persons to be conclusive evidence of the authorization and approval by such Authorized Persons; and be it further

**RESOLVED**, that the Collateral Agent (as defined in the DIP Credit Facility) is authorized to file or record financing statements and other filing or recording documents or instruments with respect to the Collateral without the signature of the Corporation in such form and in such offices as the Collateral Agent (as defined in the DIP Credit Facility) determines appropriate to perfect the security interests of the Secured Parties (as defined in the DIP Credit Facility) granted under the DIP Credit Facility. The Agent is authorized to use the collateral description "all assets" or "all or substantially all personal property assets" or any similar description in any such financing statements; and be it further

**RESOLVED** that the Corporation, as debtor and debtor in possession under the Bankruptcy Code, be, and hereby is, authorized, empowered, and directed to negotiate and obtain the use of cash collateral or other similar arrangements, including, without limitation, to enter into any guarantees and to pledge and grant liens on and claims against the Corporation's assets as may be contemplated by or required under the terms of cash collateral agreements or other similar arrangements, in such amounts as is reasonably necessary for the continuing conduct of the affairs of the Corporation in the chapter 11 case and any of the Corporation's affiliates who may also, concurrently with the Corporation's petition, file for relief under the Bankruptcy Code; and be it further

**RESOLVED** that the Corporation will receive substantial direct and indirect benefits from the loans and other financial accommodations to be made under the DIP Credit Facility to the Corporation and its affiliates and in connection with any agreements entered into by the Corporation with respect to the use of cash collateral and all of the transactions contemplated in the DIP Credit Facility and the Loan Documents (as defined in the DIP Credit Facility) (including the payment of fees and expenses contemplated therein) are hereby approved; and be it further

### III.   Restructuring Support Agreement

**RESOLVED**, that in the best judgment of the Board of the Corporation, it is desirable and in the best interests of the Corporation, its shareholders, creditors, and other stakeholders and parties in interest, that the Corporation enter into that certain restructuring support agreement (together, with all exhibits, attachments, and schedules thereto, as may be amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Restructuring Support Agreement") by and among the Corporation, certain of its affiliates, the Consenting Stakeholders (as defined in the Restructuring Support Agreement), and certain additional parties substantially in the form presented to the Board, and that the Corporation's performance of its obligations under the Restructuring Support Agreement and all other exhibits, schedules, attachments, and ancillary documents related thereto, hereby is, in all respects, authorized and approved; and be it further

### IV.   Commercial Transaction Term Sheet

**RESOLVED**, that in the best judgment of the Board of the Corporation, it is desirable and in the best interests of the Corporation, its shareholders, creditors, and other stakeholders and parties in interest, that the Corporation enter into that certain commercial transaction term sheet (the "Commercial Transaction Term Sheet") attached to the Restructuring Support Agreement as an exhibit thereto by and among the Corporation, certain of its affiliates, and AST & Science, LLC

substantially in the form presented to the Board, and that the Corporation's performance of its obligations under the Commercial Transaction Term Sheet, including the negotiation and execution of any definitive documentation in connection therewith, and all other exhibits, schedules, attachments, and ancillary documents related thereto, hereby is, in all respects, authorized and approved; and be it further

**V.      Further Actions and Prior Actions**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the officers of the Corporation or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of, and on behalf of, the Corporation, to take or cause to be taken any and all such further actions, including, without limiting the generality of the foregoing resolutions, to execute, amend, modify, waive, deliver and file, as appropriate, all agreements, acknowledgements, confirmations, instruments and other documents, and to pay all expenses, including filing fees, in each case as in such Authorized Persons shall determine in his or their sole discretion to be necessary or desirable to fully carry out the intent and accomplish the purposes of the foregoing resolutions adopted herein, to otherwise implement and effectuate the transactions contemplated by the DIP Credit Facility, or to fully accomplish any and all actions taken in connection with the chapter 11 filing and/or Recognition Proceeding contemplated thereby; and be it further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were certified, are hereby in all respects approved, confirmed, and ratified.

The actions taken by this written consent shall have the same force and effect as if taken at a meeting of the Board, duly called and constituted, pursuant to the bylaws (or equivalent thereof) of the Corporation, and the applicable laws of the Commonwealth of Virginia.

This consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same consent.

[SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF**, the undersigned, being all of the directors of Ligado Networks Inc. of Virginia, have executed this Unanimous Written Consent as of the date first written above.

By: _____
Name:  Ivan G. Seidenberg
Title:  Director

By: _____
Name:  Douglas Smith
Title:  Director

By: _____
Name:  Paul Aronzon
Title:  Director

By: _____
Name:  Lawrence T. Babbio, Jr.
Title:  Director

By: _____
Name:  Charles F. Bolden Jr.
Title:  Director

By: _____
Name:  *Tim Donahue
Title:  Director

By: _____
Name:  John Fischer
Title:  Director

By: _____
Name:  Janiee M. Hamby
Title:  Director

By: _____
Name:  Reed E. Hundt
Title:  Director

By: _____
Name:  *Alfred F. Hurley, Jr.
Title:  Director

* The Director has recused himself from voting on matters related to the DIP Credit Facility and the Restructuring Support Agreement in this Unanimous Written Consent pursuant to the Virginia Stock Corporation Act.

[*Signature Page to Ligado Networks Inc. of Virginia Board Written Consent re Bankruptcy Petition*]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LIGADO NETWORKS LLC, *et al.*,[1] | ) Case No. 25-_____ (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## CONSOLIDATED CORPORATE OWNERSHIP
## STATEMENT AND LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>") hereby state as follows:

1.      A list of the equity interest holders of Debtor Ligado Networks LLC, along with the nature of their equity interests, is attached hereto as **<u>Exhibit A</u>**.

2.      The following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of Ligado Networks LLC's equity interest[2]:

| Equity Holder | Approximate Percentage of Equity Held | | | | | |
|---|---|---|---|---|---|---|
| | Common Equity | Preferred Equity | | | | |
| | | A-0 | A-1 | A-2 | B | C |
| HGW US HOLDING COMPANY LP | 42.51% | 0.00% | 30.63% | 0.00% | 0.00% | 0.59% |
| LSQ ACQUISITION CO LLC (SERIES I) | 26.20% | 0.00% | 0.00% | 14.20% | 52.41% | 0.25% |

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are:  Ligado Networks LLC (3801); ATC Technologies, LLC (N/A); Ligado Networks (Canada) Inc. (N/A); Ligado Networks Build LLC (N/A); Ligado Networks Corp. (N/A); Ligado Networks Finance LLC (N/A); Ligado Networks Holdings (Canada) Inc. (N/A); Ligado Networks Inc. of Virginia (9725); Ligado Networks Subsidiary LLC (N/A); One Dot Six LLC (8763); and One Dot Six TVCC LLC (N/A).  The Debtors' headquarters is located at: 10802 Parkridge Boulevard, Reston, Virginia 20191.

[2]     Information provided as of November 18, 2024.

| Equity Holder | Approximate Percentage of Equity Held | | | | | |
| | Common Equity | Preferred Equity | | | | |
| | | A-0 | A-1 | A-2 | B | C |
| GREAT ELM GROUP INC | 21.25% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% |
| CERBERUS LIGADO HOLDINGS LLC | 8.10% | 32.46% | 0.31% | 27.29% | 16.18% | 0.25% |
| LSQ ACQUISITION CO LLC SERIES IV | 0.00% | 33.00% | 0.00% | 0.00% | 0.00% | 0.00% |
| PORTMAN LIMITED | 0.00% | 2.68% | 0.00% | 0.00% | 0.00% | 28.54% |
| CREDIT MARKETS HOLDINGS LLC | 0.00% | 0.84% | 53.56% | 14.20% | 31.42% | 25.68% |
| CENTAURUS CAPITAL LP | 0.00% | 0.79% | 0.00% | 28.41% | 0.00% | 0.00% |
| LSQ ACQUISITION CO LLC SERIES III | 0.00% | 0.00% | 0.31% | 12.92% | 0.00% | 0.00% |
| CF LSQ C HOLDINGS LLC | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 43.10% |

3.     The following Debtors are 100% owned by Debtor Ligado Networks LLC:

| Debtor |
| --- |
| ATC Technologies, LLC |
| Ligado Networks Build LLC |
| Ligado Networks Corp. |
| Ligado Networks Finance LLC |
| Ligado Networks Holdings (Canada) Inc. |
| Ligado Networks Inc. of Virginia |
| Ligado Networks Subsidiary LLC |
| One Dot Six LLC |

4.     The following Debtor is 20% owned by Debtor Ligado Networks LLC:

| Debtor |
| --- |
| Ligado Networks (Canada) Inc. |

5.      The following Debtor is 80% owned by Debtor Ligado Networks Holdings

(Canada) Inc.:

| Debtor |
| --- |
| Ligado Networks (Canada) Inc. |

6.      The following Debtor is 100% owned by Debtor One Dot Six LLC:

| Debtor |
| --- |
| One Dot Six TVCC LLC |

**EXHIBIT A**

List of Ligado Network LLC's Equity Interest Holders[3]

| Equity Holder | Last Known Address | Approximate Percentage of Equity Held | | | | | |
|---|---|---|---|---|---|---|---|
| | | Common Equity | Preferred Equity | | | | |
| | | | A-0 | A-1 | A-2 | B | C |
| HGW US HOLDING COMPANY LP | c/o Harbinger Capital Partners LLC 450 Park Avenue, 30th Floor New York, NY 10022 | 42.51% | 0.00% | 30.63% | 0.00% | 0.00% | 0.59% |
| LSQ ACQUISITION CO LLC (SERIES I) | c/o Fortress Credit Advisors LLC 1345 Avenue of the Americas New York, NY 10105 | 26.20% | 0.00% | 0.00% | 14.20% | 52.41% | 0.25% |
| GREAT ELM GROUP INC | 800 South Street, Suite 230 Waltham, MA 02453 | 21.25% | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% |
| CERBERUS LIGADO HOLDINGS LLC | 875 Third Avenue 10th Floor New York, NY 10022 | 8.10% | 32.46% | 0.31% | 27.29% | 16.18% | 0.25% |
| LIGHTY SETTLEMENT LLC | c/o Melody Capital Partners 60 Arch Street, Second Floor Greenwich, CT 06830 | 1.94% | 0.00% | 4.10% | 0.00% | 0.00% | 0.00% |
| LSQ ACQUISITION CO LLC SERIES IV | c/o Fortress Credit Advisors LLC 1345 Avenue of the Americas New York, NY 10105 | 0.00% | 33.00% | 0.00% | 0.00% | 0.00% | 0.00% |
| OMEGA CAPITAL PARTNERS LP | Omega Operating, LLC c/o Leon G. Cooperman 7118 Melrose Castle Lane Boca Raton, FL 33496 | 0.00% | 5.90% | 0.00% | 0.00% | 0.00% | 0.00% |
| RUBRIC CAPITAL LGD LLC | c/o Rubric Master Fund Ltd. 767 Third Avenue, 6th Floor New York, NY 10017 | 0.00% | 4.49% | 1.78% | 0.00% | 0.00% | 0.00% |

[3]    This list serves as the disclosure required to be made by the Debtors pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  Information provided as of November 18, 2024.

| Equity Holder | Last Known Address | Approximate Percentage of Equity Held | | | | | |
|---|---|---|---|---|---|---|---|
| | | Common Equity | Preferred Equity | | | | |
| | | | A-0 | A-1 | A-2 | B | C |
| WAYZATA OPPORTUNITIES FUND III LP | One Carlson Parkway, Suite 220 Plymouth, MN 55447 | 0.00% | 2.76% | 0.00% | 0.00% | 0.00% | 0.00% |
| PORTMAN LIMITED | Al Bahr Towers Sheikh Zayed Bin Sultan Street P.O. Box 61999 Abu Dhabi, United Arab Emirates | 0.00% | 2.68% | 0.00% | 0.00% | 0.00% | 28.54% |
| LIGADO BR FI CREDIT HOLDINGS LLC | c/o BlackRock 55 East 52nd St New York, NY 10055 | 0.00% | 2.60% | 0.06% | 2.41% | 0.00% | 0.00% |
| MSD CREDIT OPPORTUNITY FUND LP | 645 Fifth Avenue, 21st Floor New York, NY 10022 | 0.00% | 2.19% | 0.00% | 0.00% | 0.00% | 0.00% |
| MELODY SPECIAL SITUATIONS OFFSHORE CREDIT MINI-MASTER FUND LP | 4 Greenwich Office Park, First Floor Greenwich, CT 06831 | 0.00% | 1.64% | 0.00% | 0.00% | 0.00% | 0.00% |
| OCM TECHNOLOGY HOLDINGS CTB LLC | 333 South Grand Ave, 28th Floor Los Angeles, CA 90071 | 0.00% | 1.61% | 0.00% | 0.00% | 0.00% | 0.00% |
| BR-HIYLD SUBSIDIARY II LLC | c/o BlackRock 55 East 52nd St New York, NY 10055 | 0.00% | 1.18% | 0.00% | 0.00% | 0.00% | 0.00% |
| THE LEON AND TOBY COOPERMAN FAMILY FOUNDATION | Omega Operating, LLC c/o Leon G. Cooperman 7118 Melrose Castle Lane Boca Raton, FL 33496 | 0.00% | 1.15% | 0.00% | 0.00% | 0.00% | 0.00% |

| Equity Holder | Last Known Address | Approximate Percentage of Equity Held | | | | | |
|---|---|---|---|---|---|---|---|
| | | Common Equity | Preferred Equity | | | | |
| | | | A-0 | A-1 | A-2 | B | C |
| CREDIT MARKETS HOLDINGS LLC | 500 Stanton Christiana Road Newark, DE 19713 Attn: Sean M. Chudzik, Mail Code: DE3-4128 | 0.00% | 0.84% | 53.56% | 14.20% | 31.42% | 25.68% |
| GWC INVESTMENT HOLDINGS LLC SERIES 1 | c/o Greywolf Capital Management LP 4 Manhattanville Road, Suite 201 Purchase, NY 10577 | 0.00% | 0.81% | 0.00% | 0.00% | 0.00% | 0.00% |
| CENTAURUS CAPITAL LP | 1717 West Loop South – Suite 1950 Houston, TX 77027 | 0.00% | 0.79% | 0.00% | 28.41% | 0.00% | 0.00% |
| LIGADO BLACKROCK HOLDINGS LLC | c/o BlackRock 55 East 52nd St New York, NY 10055 | 0.00% | 0.63% | 0.00% | 0.00% | 0.00% | 0.00% |
| MELODY CAPITAL PARTNERS OFFSHORE CREDIT MINI-MASTER FUND LP | 4 Greenwich Office Park, First Floor Greenwich, CT 06831 | 0.00% | 0.56% | 0.00% | 0.00% | 0.00% | 0.00% |
| MELODY CAPITAL PARTNERS ONSHORE CREDIT FUND LP | 4 Greenwich Office Park, First Floor Greenwich, CT 06831 | 0.00% | 0.50% | 0.00% | 0.00% | 0.00% | 0.00% |
| LONG FOCUS CAPITAL MASTER LTD | 207 Calle del Parque, A&M Tower 8th Fl. San Juan, PR 00912 | 0.00% | 0.48% | 0.00% | 0.00% | 0.00% | 0.00% |
| CLEARLINE CAPITAL PARTNERS MASTER FUND LP | c/o Clearline Capital LP 950 3rd Ave, 23rd Floor New York, NY 10022 | 0.00% | 0.47% | 0.83% | 0.00% | 0.00% | 0.00% |
| FMAP RCM LLC | c/o Rubric Capital Management LP 155 E. 44th Street New York, NY 10017 | 0.00% | 0.47% | 0.18% | 0.00% | 0.00% | 0.00% |

| Equity Holder | Last Known Address | Approximate Percentage of Equity Held | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | Common Equity | Preferred Equity | | | | |
| | | | A-0 | A-1 | A-2 | B | C |
| BEMAP RCM LLC | c/o Rubric Master Fund Ltd. 767 Third Avenue, 6th Floor New York, NY 10017 | 0.00% | 0.45% | 0.20% | 0.00% | 0.00% | 0.00% |
| LEON G COOPERMAN | Omega Operating, LLC c/o Leon G. Cooperman 7118 Melrose Castle Lane Boca Raton, FL 33496 | 0.00% | 0.32% | 0.00% | 0.00% | 0.00% | 0.00% |
| TENNENBAUM SPECIAL SITUATIONS FUND IX LLC | c/o BlackRock, Inc. Office of the General Counsel 40 East 52nd Street New York, NY 10022 | 0.00% | 0.22% | 0.00% | 0.00% | 0.00% | 0.00% |
| CONDAGUA LLC | c/o Long Focus Capital Management LLC 207 Calle del Parque, A&M Tower 8th Fl San Juan, PR 00912 | 0.00% | 0.17% | 0.00% | 0.00% | 0.00% | 0.00% |
| HYT SUBSIDIARY LLC | c/o BlackRock 55 East 52nd St New York, NY 10055 | 0.00% | 0.16% | 0.00% | 0.00% | 0.00% | 0.00% |
| WAYZATA OPPORTUNITIES FUND OFFSHORE III LP | One Carlson Parkway, Suite 220 Plymouth, MN 55447 | 0.00% | 0.15% | 0.00% | 0.00% | 0.00% | 0.00% |
| JDS1 LLC | 2200 Fletcher Ave – STE 501 Fort Lee, NJ 07024 | 0.00% | 0.14% | 0.00% | 0.00% | 0.00% | 0.00% |
| SHAY CAPITAL LLC | 280 Park Avenue, 5th Fl West New York, NY 10017 | 0.00% | 0.14% | 0.00% | 0.00% | 0.00% | 0.00% |
| COASTLINE FUND LP | c/o BlackRock 55 East 52nd St New York, NY 10055 | 0.00% | 0.13% | 0.00% | 0.00% | 0.00% | 0.00% |
| CCUR HOLDINGS INC | 6470 East Johns Crossing Suite 490 Duluth, GA 30097 | 0.00% | 0.12% | 0.00% | 0.00% | 0.00% | 0.00% |
| LIGADO FAIR LANE INVESTMENT PARTNERS LLC | c/o BlackRock 55 East 52nd St New York, NY 10055 | 0.00% | 0.11% | 0.00% | 0.00% | 0.00% | 0.00% |

| Equity Holder | Last Known Address | Approximate Percentage of Equity Held | | | | | |
| | | Common Equity | Preferred Equity | | | | |
| | | | A-0 | A-1 | A-2 | B | C |
| BLUE PENINSULA FUND LP | c/o BlackRock<br>55 East 52nd St<br>New York, NY 10055 | 0.00% | 0.10% | 0.00% | 0.00% | 0.00% | 0.00% |
| CORBIN ERISA OPPORTUNITY FUND LTD | 590 Madison Avenue<br>31st Floor<br>New York, NY 10022 | 0.00% | 0.10% | 0.00% | 0.00% | 0.00% | 0.00% |
| CORBIN OPPORTUNITY FUND LP | 590 Madison Avenue<br>31st Floor<br>New York, NY 10022 | 0.00% | 0.10% | 0.00% | 0.00% | 0.00% | 0.00% |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA | 730 Third Avenue<br>New York, NY 10017 | 0.00% | 0.10% | 0.00% | 0.00% | 0.00% | 0.00% |
| TENNENBAUM ENHANCED YIELD OPERATING I LLC | c/o BlackRock, Inc.<br>Office of the General Counsel<br>40 East 52nd Street<br>New York, NY 10022 | 0.00% | 0.08% | 0.00% | 0.00% | 0.00% | 0.00% |
| WARANA SP MASTER FUND SPC 2021 SEGRATED PORTFOLIO | c/o Warana Capital, LLC<br>55 5th Ave, Suite 1808<br>New York, NY 10003 | 0.00% | 0.07% | 0.00% | 0.00% | 0.00% | 0.00% |
| KOYOTE TRADING LLC | 800 Third Ave – 10th FL<br>New York, NY 10022 | 0.00% | 0.05% | 0.00% | 0.00% | 0.00% | 0.00% |
| PRUDENTIAL INVESTMENTS LLC/AST INVESTMENT SERVICES INCT | c/o BlackRock<br>55 East 52nd St<br>New York, NY  10055 | 0.00% | 0.02% | 0.00% | 0.00% | 0.00% | 0.00% |
| TENNENBAUM OPPORTUNITIES FUND VI LLC | c/o BlackRock, Inc.<br>Office of the General Counsel<br>40 East 52nd Street<br>New York, NY 10022 | 0.00% | 0.02% | 0.00% | 0.00% | 0.00% | 0.00% |

| Equity Holder | Last Known Address | Approximate Percentage of Equity Held | | | | | |
|---|---|---|---|---|---|---|---|
| | | Common Equity | Preferred Equity | | | | |
| | | | A-0 | A-1 | A-2 | B | C |
| WARANA SP MASTER FUND SPC 2018 SEGREGATED PORTFOLIO | c/o Warana Capital, LLC 55 5th Ave, Suite 1808 New York, NY 10003 | 0.00% | 0.02% | 0.00% | 0.00% | 0.00% | 0.00% |
| PHASE FIVE PARTNERS LP | 800 Third Ave – 10th FL New York, NY 10022 | 0.00% | 0.01% | 0.00% | 0.00% | 0.00% | 0.00% |
| WARANA SP MASTER FUND SPC 2019 SEGREGATED PORTFOLIO | c/o Warana Capital, LLC 55 5th Ave, Suite 1808 New York, NY 10003 | 0.00% | 0.01% | 0.00% | 0.00% | 0.00% | 0.00% |
| MSD FNBC INVESTORS LLC | 645 Fifth Avenue, 21st Floor New York, NY 10022 | 0.00% | 0.00% | 6.84% | 0.00% | 0.00% | 0.00% |
| KASOWITZ BENSON TORRES LLP | 1633 Broadway New York, NY 10019 | 0.00% | 0.00% | 0.52% | 0.00% | 0.00% | 0.00% |
| SCOGGIN INTERNATIONAL FUND LTD | c/o Scoggin Management LP 660 Madison Avenue, 20th Floor New York, NY 10065 | 0.00% | 0.00% | 0.40% | 0.00% | 0.00% | 0.00% |
| LSQ ACQUISITION CO LLC SERIES III | c/o Fortress Credit Advisors LLC 1345 Avenue of the Americas New York, NY 10105 | 0.00% | 0.00% | 0.31% | 12.92% | 0.00% | 0.00% |
| JAIMIN PATEL | PO Box 6385 San Juan, PR 00914 | 0.00% | 0.00% | 0.12% | 0.00% | 0.00% | 0.00% |
| SCOGGIN WORLDWIDE FUND LTD | c/o Scoggin Management LP 660 Madison Avenue, 20th Floor New York, NY 10065 | 0.00% | 0.00% | 0.10% | 0.00% | 0.00% | 0.00% |
| WARBASSE67 LLC | 595 Madison Ave, FL 30 New York, NY 10022 | 0.00% | 0.00% | 0.07% | 0.00% | 0.00% | 0.00% |

| Equity Holder | Last Known Address | Approximate Percentage of Equity Held | | | | | |
|---|---|---|---|---|---|---|---|
| | | Common Equity | Preferred Equity | | | | |
| | | | A-0 | A-1 | A-2 | B | C |
| KEITH HOLST | c/o Centaurus Capital LP 1717 West Loop South – Suite 1950 Houston, TX 77027 | 0.00% | 0.00% | 0.00% | 0.45% | 0.00% | 0.00% |
| SUCCESS REAL ESTATE COMPANY LTD | 769 Kneese Road Fredericksburg, TX 75624 | 0.00% | 0.00% | 0.00% | 0.11% | 0.00% | 0.00% |
| CF LSQ C HOLDINGS LLC | c/o Fortress Credit Advisors LLC 1345 Avenue of the Americas New York, NY 10105 | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 43.10% |
| LSQ ACQUISITION CO LLC (SERIES II) | c/o Fortress Credit Advisors LLC 1345 Avenue of the Americas New York, NY 10105 | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 1.41% |
| JEFFERIES LLC | 101 Hudson Street 11th Floor Jersey City, NJ 07302 | 0.00% | 0.00% | 0.00% | 0.00% | 0.00% | 0.18% |

**Fill in this information to identify the case and this filing:**

Debtor Name  Ligado Networks Inc. of Virginia

United States Bankruptcy Court for the: _____ District of Delaware
(State)

Case number (*If known*):  _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration  Consolidated Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/05/2025                         ✗ /s/ Douglas Smith
              MM / DD / YYYY                        Signature of individual signing on behalf of debtor

                                                Douglas Smith
                                                Printed name

                                                President & Chief Executive Officer
                                                Position or relationship to debtor